IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KT IMAGING USA, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>HANGZHOU HIKVISION DIGITAL TECHNOLOGY CO., LTD. and HIKVISION INTERNATIONAL CO., LIMITED,<br><br>            Defendants. | Civil Action No.: 6:22-cv-01026<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff KT Imaging USA, LLC ("KTI" or "Plaintiff"), by way of this Complaint against Hangzhou Hikvision Digital Technology Co., Ltd. and Hikvision International Co., Limited (collectively, "Hikvision" or "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff KT Imaging USA, LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 106 E 6th Street, Suite 900, Austin, TX 78701.

2. On information and belief, Defendant Hangzhou Hikvision Digital Technology Co., Ltd. is a corporation organized and existing under the laws of China, having its principal place of business at No.555, Qianmo Road, Binjiang District, Hangzhou, Zhejiang 310052, China.

3. On information and belief, Defendant Hikvision International Co., Limited is a corporation organized and existing under the laws of Hong Kong, having its principal place of business at RM 09, 8/F, Kwai Cheong Centre, 50 Kwai Cheong Road, Kwai Chung, New

1

Territories, Hong Kong.  On information and belief, Hikvision International Co., Limited also maintains a regular and established place of business organized under the laws of Hong Kong at Unit 6, 17/F., Tower II, Enterprise Square, 9 Sheung Yuet Road, Kowloon Bay, Kowloon, Hong Kong.

4. On information and belief, Defendants are part of the same corporate structure and distribution chain for making, using, selling, offering for sale, and/or importing the accused products in the United States, including this State and this judicial district.

5. According to the 2022 Half Year Report published by Defendant Hangzhou Hikvision Technology Co., Ltd. on August 13, 2022, Defendant Hikvision International Co., Limited is a subsidiary of the "company" located in Hong Kong, with the "company" referring to Defendant Hangzhou Hikvision Technology Co., Ltd. (*see* https://www.hikvision.com/content/dam/hikvision/en/brochures/hikvision-financial-report/Hikvision-2022-Half-Year-Report.PDF, last accessed on September 28, 2022).

6. On information and belief, Hangzhou Hikvision Technology Co., Ltd.'s main nature of business is to manufacture products that Hikvision International Co., Limited then sells and imports to various regions, including to the United States.

7. On information and belief, Defendants do business themselves, or through their subsidiaries, affiliates, and agents, in the State of Texas and the Western District of Texas. Defendants placed or contributed to placing infringing products, including one or more of those specifically accused of infringement below, into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Western District of Texas.

8. On information and belief, Defendants have derived substantial revenue from infringing

acts in the Western District of Texas, including from the sale and use of these infringing products like those specifically accused of infringement below.

## JURISDICTION AND VENUE

9.     This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Hikvision of claims of U.S. Patent No. 8,004,602, U.S. Patent No. 8,314,481, U.S. Patent No. 6,876,544 and U.S. Patent No. 7,196,322 ("the Patents-in-Suit").

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.    Hikvision is subject to personal jurisdiction of this Court because, *inter alia*, on information and belief, (i) Hikvision has committed and continues to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, selling, and/or importing the accused products into Texas including in this Judicial District; (ii) Hikvision purposefully supplies and directs the accused products for storage, warehousing, and/or sales by distributors and resellers in the State of Texas including in this Judicial District; (iii) Hikvision delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas including in this Judicial District and derive revenues from products sold to Texas residents.

12.    In addition, or in the alternative, this Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(2).

13.    Venue is proper in this district under 28 U.S.C. 1391(c) because, *inter alia*, Defendants are foreign corporations.

## BACKGROUND

14.    On August 23, 2011, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,004,602 ("the '602 Patent"), entitled "Image Sensor Structure and Integrated Lens Module Thereof."

15. On November 20, 2012, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,314,481 ("the '481 Patent"), entitled "Substrate Structure for an Image Sensor Package and Method for Manufacturing the Same."

16. On April 5, 2005, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,876,544 ("the '544 Patent"), entitled "Image Sensor Module and Method for Manufacturing the Same."

17. On March 27, 2007, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,196,322 ("the '322 Patent"), entitled "Image Sensor Package."

18. KTI is the assignee and owner of the right, title, and interest in and to the Patents-in-Suit, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement it.

19. Hikvision has infringed and continues to infringe the Patents-in-Suit by making, using, selling, or offering for sale in the United States, or importing into the United States video technology products, such as security cameras and/or video doorbells, with image sensors. Attachment A to this Complaint provides a non-exhaustive listing of Accused Products.

**COUNT I: INFRINGEMENT OF THE '602 PATENT BY HIKVISION**

20. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

21. On information and belief, Hikvision has infringed the '602 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States, or importing into the United States the Accused Products and all other products with substantially similar imaging sensors.

22. For example, on information and belief, Hikvision has infringed and continues to infringe at least claim 1 of the '602 Patent by including an image sensor structure with an integrated lens module in the Accused Products including the Hikvision IR Network Camera (DS-2CD2443G0-

4

IW).  *See* Ex. 1 (cross-sectional image of the Hikvision IR Network Camera image sensor).  The image sensor structure in the Accused Products comprises a chip with a plurality of light-sensing elements arranged on a light-sensing area on a first surface of the chip, a plurality of first conducting pads arranged around the light-sensing area and electrically connected to the light-sensing elements, and at least one conducting channel passing through the chip and electrically connected to the first conducting pads at one end as well as extending along with a second surface of the chip.  *See* Exs. 2-4 (images of the Hikvision IR Network Camera image sensor with the internal components exposed and cross-sectional image of the Hikvision IR Network Camera image sensor).  The image sensor structure in the Accused Products comprises a holder having a through hole and a contact surface on a bottom of the holder, wherein the contact surface is combined with the first surface, and at least one lens completely embedded inside the through hole and integrated with the holder.  *See* Ex. 1 (cross-sectional image of the Hikvision IR Network Camera image sensor).

23. On information and belief, Hikvision has induced infringement of the '602 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated image sensor technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.

24. On information and belief, Hikvision has committed the foregoing infringing activities without a license.

**COUNT II: INFRINGEMENT OF THE '544 PATENT BY HIKVISION**

25.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

26.     On information and belief, Hikvision has infringed the '544 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States, or importing into the United States the Accused Products and all other products with substantially similar imaging sensors.

27.     For example, on information and belief, Hikvision has infringed and continues to infringe at least claim 1 of the '544 Patent by including an image sensor module to be mounted to a printed circuit board in the Accused Products including the Hikvision DS-HD1 Smart Doorbell Camera.  *See* Ex. 5 (cross-sectional image of the Hikvision DS-HD1 image sensor).  The image sensor structure in the Accused Products comprises a substrate having an upper surface formed with a plurality of first connection points, and a lower surface formed with a plurality of second connection points, which is electrically connect to the printed circuit board.  *See* Exs. 5 and 6 (cross-sectional image of the Hikvision DS-HD1 image sensor and image of the Hikvision DS-HD1 image sensor with the internal components exposed).  The image sensor structure in the Accused Products comprises a photosensitive chip mounted to the upper surface of the substrate.  *See* Ex. 5 (cross-sectional image of the Hikvision DS-HD1 image sensor).  The image sensor structure in the Accused Products comprises a plurality of wires for electrically connecting the photosensitive chip to the first connection points on the upper surface of the substrate.  *See* Ex. 6 (image of the Hikvision DS-HD1 image sensor with the internal components exposed).  The image sensor structure in the Accused Products comprises a frame layer mounted to the upper surface of the substrate to surround the photosensitive chip, an inner edge of the frame layer being formed with an internal thread from top to bottom, and a transparent layer being fixed by the frame layer such that the photosensitive chip may receive optical signals passing through the

transparent layer.  *See* Ex. 5 (cross-sectional image of the Hikvision DS-HD1 image sensor). The image sensor structure in the Accused Products comprises a lens barrel formed with a chamber at a center thereof and an external thread at an outer edge thereof, the external thread being screwed to the internal thread of the frame layer, wherein the lens barrel has a through hole and an aspheric lens from top to bottom.  *See* Exs. 5 and 7 (cross-sectional images of the Hikvision DS-HD1 image sensor).

28. On information and belief, Hikvision has induced infringement of the '544 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated image sensor technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.

29. On information and belief, Hikvision has committed the foregoing infringing activities without a license.

## COUNT III: INFRINGEMENT OF THE '322 PATENT BY HIKVISION

30. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

31. On information and belief, Hikvision has infringed the '322 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States, or importing into the United States the Accused Products and all other products with substantially similar imaging sensors.

32. For example, on information and belief, Hikvision has infringed and continues to infringe at least claim 1 of the '322 Patent by including an image sensor module in the Accused Products,

including the Hikvision DS-HD1 Smart Doorbell Camera. *See* Ex. 5 (cross-sectional image of the Hikvision DS-HD1 image sensor). The image sensor structure in the Accused Products comprises a substrate having an upper surface, and a lower surface on which second electrodes are formed. *See* Ex. 5 (cross-sectional image of the Hikvision DS-HD1 image sensor). The image sensor structure in the Accused Products comprises a frame layer arranged on the upper surface of the substrate, a cavity formed between the frame layer and substrate, and a plurality of first electrodes are formed on the frame layer. *See* Exs. 5 and 6 (cross-sectional image of the Hikvision DS-HD1 image sensor and image of the Hikvision DS-HD1 image sensor with the internal components exposed). The image sensor structure in the Accused Products comprises a photosensitive chip mounted on the upper surface of the substrate and located within the cavity, and electrically connected to the first electrodes of the frame layer. *See* Exs. 5 and 6 (cross-sectional image of the Hikvision DS-HD1 image sensor and image of the Hikvision DS-HD1 image sensor with the internal components exposed). The image sensor structure in the Accused Products comprises a lens holder having an upper end face, a lower end face, and an opening penetrating through the lens holder from the upper end face to the lower end face, the upper end of the opening formed with an internal thread and the lower end of the opening formed with a breach, so that the internal diameter of the upper end of the opening is smaller than the lower end of the opening, the lens holder adhered on the upper surface of the substrate by glue, wherein, the frame layer is located within the breach of the lens holder. *See* Exs. 5 and 7 (cross-sectional images of the Hikvision DS-HD1 image sensor). The image sensor structure in the Accused Products comprises lens barrel having an upper end face, a lower end face, and an external thread screwed to the internal thread of the lens holder. *See* Ex. 5 (cross-sectional image of the Hikvision DS-HD1 image sensor).

33.     On information and belief, Hikvision has induced infringement of the '322 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated image sensor technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.

34.     On information and belief, Hikvision has committed the foregoing infringing activities without a license.

## COUNT IV: INFRINGEMENT OF THE '481 PATENT BY HIKVISION

35.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

36.     On information and belief, Hikvision has infringed the '481 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States, or importing into the United States the Accused Products and all other products with substantially similar imaging sensors.

37.     For example, on information and belief, Hikvision has infringed and continues to infringe at least claim 1 of the '481 Patent by including a substrate structure for an image sensor package in the Accused Products including the Hikvision DS-HD1 Smart Doorbell Camera. *See* Ex. 5 (cross-sectional image of the Hikvision DS-HD1 image sensor). The substrate structure in the Accused Products comprises a bottom base having an upper surface formed with a plurality of first electrodes, and a lower surface formed with a plurality of second electrodes, wherein an insulation layer is coated between first electrodes and in direct surface contact with the upper surface of the bottom base. *See* Exs. 8 and 9 (cross-sectional images of the Hikvision DS-HD1

image sensor). The substrate structure in the Accused Products comprises a frame layer arranged on and in direct surface contact with the first electrodes and the insulation layer to form a cavity together with the bottom base, wherein the insulation layer is interposed between the bottom base and the frame layer. *See* Exs. 8 and 9 (cross-sectional images of the Hikvision DS-HD1 image sensor).

38.     On information and belief, Hikvision has induced infringement of the '481 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributors, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated image sensor technology, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.

39.     On information and belief, Hikvision has committed the foregoing infringing activities without a license.

## PRAYER FOR RELIEF

WHEREFORE, KTI prays for judgment in its favor against Hikvision for the following relief:

  A.    Entry of judgment in favor of KTI against Hikvision on all counts;

  B.    Entry of judgment that Hikvision has infringed the Patents-in-Suit;

  C.    An order permanently enjoining Hikvision from infringing the Patents-in-Suit;

  D.    Award of compensatory damages adequate to compensate KTI for Hikvision's infringement of the Patents-in-Suit, in no event less than a reasonable royalty as provided by 35 U.S.C. § 284;

E.       KTI's costs;

F.       Pre-judgment and post-judgment interest on KTI's award; and

G.      All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. P., Plaintiff KTI hereby demands trial by jury in this action of all claims so triable.

Dated: October 3, 2022

/s/ *Raymond W. Mort, III*
Dmitry Kheyfits
dkheyfits@kblit.com
Brandon G. Moore
bmoore@kblit.com
**KHEYFITS BELENKY LLP**
12600 Hill Country Blvd., Suite R-275
Austin, TX 78738
Tel: 737-228-1838
Fax: 737-228-1843

Andrey Belenky
abelenky@kblit.com
Hanna G. Cohen
hgcohen@kblit.com
**KHEYFITS BELENKY LLP**
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-203-5399
Fax: 212-203-6445

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
**THE MORT LAW FIRM, PLLC**
501 Congress Ave., Suite 150
Austin, Texas 78701
Tel/Fax: (512) 865-7950

*Attorneys for Plaintiff*
*KT Imaging USA, LLC*